**Tim HANCOCK; et al., Plaintiffs— Appellants,**

**and**

**Larry Bryan; et al., Plaintiffs,**

**v.**

**UNITED PARCEL SERVICE, INC., Defendant—Appellee.**

No. 07–16978.

United States Court of Appeals, Ninth Circuit.

Submitted March 13, 2009.*

Filed April 28, 2009.

John J. Mavredakis, Esquire, Law Offices of John J. Mavredakis, Santa Rosa, CA, for Larry Bryan, Tim Hancock, Ignacio Torres, Creg Quiroz, Mark Jensen.

Holly MacLeish Baldwin, Sanford Jay Rosen, Esquire, Senior, Sarah O. Zimmerman, Rosen Bien & Galvan, LLP, San Francisco, CA, for Tim Hancock, Creg Quiroz, Ignacio Torres.

Christopher J. Martin, Esquire, Gibson Dunn & Crutcher, LLP, Palo Alto, CA, Mark Andrew Perry, Counsel, Gibson Dunn & Crutcher, LLP, Washington, DC, Kathrin Sears, Esquire, Gibson Dunn & Crutcher, LLP, San Francisco, CA, for Defendant–Appellee.

Before: NOONAN, CALLAHAN, and BEA, Circuit Judges.

MEMORANDUM **

Former United Parcel Service (UPS) employees appeal the district court's attorneys' fee award as insufficient. The award followed protracted litigation concerning whether UPS's vision screening for its truck drivers violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, or the California Fair Employment and Housing Act (FEHA), Cal. Gov't Code § 12940 *et seq.* UPS prevailed on all but one of plaintiffs-appellants' claims. That claim resulted in a cash settlement for two appellants, who also received an award of attorneys' fees from UPS under FEHA. *See Winterrowd v. Am. Gen. Annuity Ins. Co.,* 556 F.3d 815, 827 (9th Cir.2009) (recognizing that "[s]tate law establishes the required showing for attorney's fees in an action in diversity"); *see also* Cal. Gov't Code § 12965(b) (providing a discretionary award of reasonable attorneys' fees and costs to the prevailing party). We have jurisdiction under 28 U.S.C. § 1291, and we affirm the amount of attorneys' fees awarded by the district court.

California law applies to this diversity action. Under such law, the district court did not abuse its discretion in declining to apply the special master's suggested 1.5 multiplier to the attorneys' fee award account for the limited success of the backpay settlement for two appellants. *See Ketchum v. Moses,* 24 Cal.4th 1122, 1138, 104 Cal.Rptr.2d 377, 17 P.3d 735 (2001) (holding that "the trial court is not *required* to include a fee enhancement to the basic lodestar figure ... although it retains discretion to do so in the appropriate

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

case") (emphasis in original); *Greene v. Dillingham Constr. N.A., Inc.,* 101 Cal. App.4th 418, 426–27, 124 Cal.Rptr.2d 250 (2002)(acknowledging in FEHA cases that "results obtained" is a factor to be considered in deciding whether to apply a multiplier).

The district court also did not abuse its discretion in concluding that the special master's 70% reduction of attorney John J. Mavredakis's fees for *EEOC v. United Parcel Serv., Inc.,* 306 F.3d 794 (9th Cir.), *reh'g denied and amended by* 311 F.3d 1132 (9th Cir.2002), was insufficient; that a 90% reduction was better, considering the limited relevance of the overall UPS case to the FEHA settlement for two plaintiffs-appellants. *See Ketchum,* 24 Cal.4th at 1132, 104 Cal.Rptr.2d 377, 17 P.3d 735 (noting that the "trial judge is the best judge of the value of professional services rendered in his court" and that "his judgment . . . will not be disturbed unless the appellate court is convinced that it is clearly wrong" (citation and internal quotation marks omitted)). Additionally, counsel Mavredakis failed to meet his burden of documenting time for which he requested fees by not producing supporting documentation for his recreated time records. *See id.* at 1138, 104 Cal.Rptr.2d 377, 17 P.3d 735 ("The party seeking a fee enhancement bears the burden of proof.").

Finally, the district court did not abuse its discretion in denying appellants' request for supplemental attorneys' fees for the time between the special master's attorneys' fees report and the district court's hearing on attorneys' fees. *See id.* at 1132, 104 Cal.Rptr.2d 377, 17 P.3d 735 (deferring to the trial judge regarding the

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

value of professional services rendered in the court).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.